# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SONNIEL R. GIDARISINGH,<br><br>                Plaintiff,<br><br>v.<br><br>WAYNE BAUER, JEREMY WESTRA,<br>MELISSA GREIL, TINA BRYANT,<br>and DUSTIN BITTNER,<br><br>                Defendants. | Case No. 23-CV-286-JPS<br><br><br><br>**ORDER** |

Plaintiff, Sonniel R. Gidarisingh, a prisoner currently confined in Waupun Correctional institution, brings this action under 42 U.S.C. § 1983 pro se. ECF No. 1. On April 12, 2024, the Court screened Plaintiff's second amended complaint and allowed the case to proceed on the following claims: (1): Eighth Amendment claim against Dustin Bittner ("Bittner") for his deliberate indifference to Plaintiff when he knowingly and repeatedly slammed Plaintiff's trap door shut; (2) First Amendment retaliation claim against Bittner, Wayne Bauer ("Bauer"), Tina Smith ("Smith"),[1] Jeremy Westra ("Westra"), and Melissa Greil ("Greil"); (3) Eighth Amendment claim against Bittner for his deliberate indifference to Plaintiff's serious medical need by intentionally failing to deliver Plaintiff his medications on multiple occasions; and (4) State law claim for the intentional infliction of emotional distress against Bittner. ECF No. 14 at 20. Pending before the

---

[1] Tina Smith is now known as Tina Bryant.

Court is Plaintiff's motion for reconsideration to add certain claims. ECF No. 16.

Plaintiff seeks reconsideration to proceed on the following additional claims: (1) a state law negligence claim against Bittner for denying Plaintiff his prescribed medication; and (2) slander, negligent infliction of emotional distress, and intentional infliction of emotional distress against Bauer and Greil. *Id.* Because there has not yet been a final judgment in this case, Federal Rule of Civil Procedure ("Rule") 54(b) governs Plaintiff's motion for reconsideration. *See Bhatia v. Vaswani,* No. 18-CV-2387, 2020 WL 3578004, at *2 (N.D. Ill. July 1, 2020). Under Rule 54(b), "any order or other decision [ ] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987), opinion amended on denial of reh'g, 835 F.2d 710 (7th Cir. 1987) (affirming district court's denial of motion to reconsider under Rule 54(b)). Revisions under Rule 54(b) are discouraged and should be reserved for circumstances in which the initial decision was "clearly erroneous and would work a manifest injustice*." See Ghashiyah v. Frank*, 2008 WL 680203, at *3 (E.D. Wis. Mar. 10, 2008) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)) (internal quotation marks omitted).

The Court will grant Plaintiff's motion for reconsideration in part and will deny it in part as follows. First, the Court will allow Plaintiff to proceed against Bittner on a state-law negligence claim. To sustain a claim for negligence, Plaintiff must allege "(1) a breach of (2) a duty owed (3) that

results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 625 N.W.2d 860, 865 (Wis. 2001). The Court may exercise supplemental jurisdiction over any negligence claims that are related to the federal constitutional violations. 28 U.S.C. § 1367. Here, Plaintiff's negligence claims arise from the same conduct as his Eighth Amendment deliberate indifference claim for Bittner's intentional failure to provide Plaintiff's prescribed medications. At the screening stage, the Court finds that Plaintiff has sufficiently alleged a claim of negligence against Bittner.

Second, the Court will allow Plaintiff to proceed against Bauer and Greil for a state law intentional infliction of emotional distress claim. "The general rule in Wisconsin is that, to recover for the *negligent* infliction of emotional distress, the plaintiff's emotional distress must be manifested by physical injury." *Nelson v. Monroe Reg'l Med. Ctr.*, 925 F.2d 1555, 1561 (7th Cir. 1991) (internal citations omitted) (emphasis added). For *intentional* infliction of emotional distress, a plaintiff must plead that the "defendant's conduct was so egregious that the average member of the community would regard the acts forming the basis for the claim as being a complete denial of the plaintiff's dignity as a person." *Id.* at 1559 (internal citations omitted). Here, Plaintiff has alleged only emotional injuries as a result of these defendant actions and therefore a negligence claim is not warranted under these facts. Construing the facts in the light most favorable to Plaintiff, the Court finds that that these defendants' conduct, if true, was so egregious that it may form the basis of a claim of intentional infliction of emotional distress. As such, the Court will allow Plaintiff to proceed on a state law claim for intentional infliction of emotional distress against Bauer and Greil.

Finally, and as previously decided in the screening order, the Court will not allow Plaintiff to proceed on a state law slander claim. A district court may exercise supplemental jurisdiction over state law claims that "are so related to claims in the action" over which the Court has "original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Supplemental jurisdiction is not appropriate merely because the claims are "tangentially related" or share a broad factual background. *See Hernandez v. Dart*, 635 F. Supp. 2d 798, 814 (N.D. Ill. 2009). "Instead, the question is whether the proof necessary for the state claim overlaps with the proof necessary for the federal claim." *Birdo v. Mathis*, Case No. 15-cv-456, 2015 WL 3948150, at *3 (S.D. Ill. June 26, 2015) (citations omitted). Again, the Court finds that the evidence necessary for Plaintiff to succeed on a slander claim will not overlap with the evidence necessary for him to succeed on his federal retaliation claim. As such, the Court will not exercise supplemental jurisdiction over a slander claim. *See* 28 U.S.C. § 1367(a).

In light of the foregoing, the Court clarifies that Plaintiff may proceed on the five claims below going forward. The Court will issue a scheduling order in due course.

**Claim One:** Eighth Amendment claim against Bittner for his deliberate indifference to Plaintiff when he knowingly and repeatedly slammed Plaintiff's trap door shut.

**Claim Two:** First Amendment retaliation claim against Bittner, Bauer, Smith, Westra, and Greil.

**Claim Three:** Eighth Amendment claim against Bittner for his deliberate indifference to Plaintiff's serious medical need by intentionally failing to deliver to Plaintiff his medications on multiple occasions.

**Claim Four:** State law claim for the intentional infliction of emotional distress against Bittner, Bauer, and Greil.

**Claim Five:** State law negligence claim against Bittner for failing to provide Plaintiff with his prescribed medications.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration, ECF No. 16, be and the same is hereby **GRANTED in part and DENIED in part** as further described in this Order.

Dated at Milwaukee, Wisconsin, this 26th day of September, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge